U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 18 2015

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELOY DIAZ GONZALEZ, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-3001-N |
| | ) | |
| WILLIAM STEPHENS, ET AL., | ) | |
| Defendants. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas.  The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow:

### I.   Factual Background

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983.  He did not file pay the filing

fee or file a motion to proceed *in forma pauperis*.  On September 22, 2015, the Court sent

Plaintiff a notice of deficiency.  The Court informed Plaintiff that failure to cure the deficiency

within thirty days could result in a recommendation that his complaint be dismissed.  More than

thirty days have passed and Plaintiff has failed to comply with the Court's order.

### II.   Discussion

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua*

*sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.

*Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority [under Rule 41(b)] flows

from the court's inherent power to control its docket and prevent undue delays in the disposition

of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing

*Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).  Plaintiff has failed to comply with the Court's

Order.  Accordingly, his complaint should be dismissed for want of prosecution.

## III.   Recommendation

For the foregoing reasons, the Court recommends that the District Court dismiss

Plaintiff's complaint without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

Signed this _____ day of _____, 2015.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


**Findings, Conclusions and Recommendation
 of the United States Magistrate Judge**      Page 2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation
 of the United States Magistrate Judge**      Page 3